PAGE (UNITED STATES v.). See Cases Nos. 15,986a, 15,987, and 15,988.

## Case No. 10,669.

### PAGE v. WRIGHT.

[4 Wash. C. C. 194.] [1]

Circuit Court, D. New Jersey. April Term, 1822. [2]

WILLS—DEVISE TO WIFE—ESTATE FOR LIFE.

After giving pecuniary legacies to his sisters, the testator devises as follows: "I give to my wife Mary all the rest of my lands and tenements whatsoever, whereof I shall die seised. in possession, reversion, or remainder, provided that she has no lawful issue. Item, I give to my wife Mary, whom I also make my sole executrix, all and singular my lands, messuages, and tenements, by her freely to be possessed and enjoyed." After revoking all former wills, he makes A. B. executor of his will, "to take and see the same performed, according to its true intent and meaning, and for his pains"—leaving the sentence unfinished. Mary the wife took an estate for life only.

[Cited in Warner v. Brinton, Case No. 17,179.]

This was an ejectment for a tract of land lying in the state of New Jersey, which was argued at last term by Richard Stockton for the plaintiff [lessee of James Page], and by Ewing and Wood for the defendant; and was held under advisement until the present term. The parties agreed on a case, which presented the single question whether, under the will of James Page, Mary his widow took an estate for life or in fee, in the real estate devised to her.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the supreme court of the United States, under the supervision of Richard Peters, Jr., Esq.]
[2] [Affirmed in 10 Wheat. (23 U. S.) 204.]

WASHINGTON, Circuit Justice. This case turns altogether upon the construction of the will of James Page. After giving to each of his three sisters a pecuniary legacy, we find the following clauses, on which the question arises: "Item, I give and bequeath unto my loving wife Mary, all the rest of my lands and tenements whatsoever, whereof I shall die seised in possession, reversion. or remainder, provided she has no lawful issue. Item, I give and bequeath to Mary, my beloved wife, whom I likewise constitute, make, and ordain, my executrix of this my last will and testament, all and singular my lands, messuages, and tenements, by her freely to be possessed and enjoyed." After revoking all former wills, and confirming the present as his last will, he makes his "loving friend, Henry Jeans, executor of his will, to take and see the same performed according to its true intent and meaning, and for his pains"—leaving the sentence incomplete. Mary, the widow of the testator, died before the institution of this suit. The question is, whether Mary, the widow of the testator, took an estate for life only, or a fee simple in the real estate of the testator? If the former, the lessor of the plaintiff is entitled to judgment: otherwise not. In the devise to the wife there are no words of limitation added sufficient in law to pass a fee, and consequently, she can take only an estate for life, unless, from other parts of the will, brought to operate upon the subject matter of the devise to her, it can be discovered that the testator's intention was to give a fee. And upon this subject of intention, we are instructed by a number of cases, that it must be apparent, and not doubtful, ambiguous, or conjectural; it must so manifestly appear that the testator meant to give a fee, as to satisfy the conscience of the court in pronouncing that such was his intention. If it be doubtful, the rule of law must prevail. Cro. Car. 368; Frogmorton v. Wright, 2 W. Bl. 889; Moor v. Denn, 2 Bos. & P. 247; Bowes v. Blackett, Cowp. 235. There is in this case no introductory clause from which the intention of the testator to dispose of all his estate, real and personal, can be collected; nor is it to be admitted, that a clause intimating such an intention would so far attach itself to the devising clause, as to enlarge the estate into a fee. The English cases, both ancient and modern, are generally the other way. Frogmorton v. Wright, 2 W. Bl. 889; Child v. Wright, 8 Durn. & E. [8 Term R.] 64; Denn v. Gaskin, Cowp. 657; Doe v. Allen, 8 Durn. & E. [8 Term R.] 497; Merson v. Blackmore, 2 Atk. 341. In Hogan v. Jackson, Cowp. 299, where it was decided that the devisee took a fee, the case turned, not on the introductory clause, but on the whole will taken together, and particularly on the words "all his effects"; and in Grayson v. Atkinson, 1 Wils. 333, the inheritance was charged with the debts and legacies. Neither is there in this case any

charge upon the real estate devised to the wife for payment of the debts or legacies which could by possibility subject her to any loss in case her estate should determine at her death; and this is the criterion which all the cases lay down. Palmer's Lessee v. Richards, 3 Durn. & E. [3 Term R.] 356; Loveacres v. Blight, Cowp. 352; Denn v. Mellor, 5 Durn. & E. [5 Term R.] 558, and 2 Bos. & P. 247; Dickins v. Marshall, Cro. Eliz. 330; Canning v. Canning, Mos. 240, which is recognized as good authority in Moor v. Denn, 2 Bos. & P. 247.

We now come to those expressions in the will which were relied upon by the defendant's counsel to show an intention to give a fee to the wife. These are the words "all the rest of my lands and tenements," the words "reversion or remainder," and the words "by her freely to be possessed and enjoyed." If the words "all the rest" or "all the rest and residue" import a devise of all the interest or estate of the devisor in the lands which form the subject of the clause, there could scarcely be mentioned a will which contains a residuary clause, that would not pass a fee without words of limitation; and yet it may, I think, be safely affirmed, that there is no case to be met with that goes to that extent. In the case of Palmer's Lessee v. Richards, 3 Durn. & E. [3 Term R.] 356, the devise was of "all the rest, residue, and remainder of his lands, hereditaments, &c., his legacies and funeral expenses being thereout paid." The court decided that the devisee took an estate in fee, in consequence of the word "thereout," which made the legacies and funeral expenses a charge upon the land in the hands of the devisee; but it is expressly stated, that the words "all the rest and residue," and the word "hereditaments," would not have been sufficient in law to carry the fee. Moor's Lessee v. Mellor, 5 Durn. & E. [5 Term R.] 556, and the same case in the house of lords (2 Bos. & P. 247), is to the same effect; so is Canning v. Canning, Mos. 240. The cases which seem contrary to those just referred to, will be found, upon examination, to have turned upon other expressions in the will. In Tanner v. Wise, 3 P. Wms. 294, the residuary devise is of all the rest of his estate real and personal, which word "estate," it is admitted on all hands, is sufficient to carry a fee. Such too is the case of Murry v. Wyse, 2 Vern. 564. In Grayson v. Atkinson, 1 Wils. 333, Lord Hardwicke observes, that there can be no doubt but that the inheritance is charged with the debts and legacies; and it is very clear, that he was in no small degree influenced by the introductory clause, which (how consistent with other decisions before referred to, need not be noticed under this head) he was strongly tempted to connect with the residuary clause. It is clear, however, that he does not rest his opinion upon that clause alone. In Lydcott v. Willows, reported in Carth. 50, and more cor-

rectly in 2 Vent. 528, after giving an estate for life, the testator adds a residuary clause, in favour of his wife, of all his lands, messuages, tenements, and hereditaments not above disposed of, to have and to hold to her, and her assigns forever, which latter words were clearly indicative of an intent to pass a fee. As to the expressions "tenements, reversions, remainder," they had no influence upon the court in the cases of Palmer's Lessee v. Richards, and Denn v. Mellor. In Peiton v. Banks, 1 Vern. 65, which was a devise to A. for life, the reversion to B. and C., equally to be divided; B. and C. were decided to be tenants in common for life only.

The cases relied upon by the defendant's counsel do not, in my apprehension, prove that those expressions, or either of them, are sufficient to enlarge the estate into a fee. Hogan v. Jackson has already been noticed; and it is perfectly clear that it did not turn upon the words "residue" or "remainder." In Norton v. Ladd, 1 Lutw. 294, the devise was to A. for life, and after her decease, the whole remainder of his lands to B., if he survived A. The court said that these words could not extend to the quantity of the land, as the whole had been before given to A. for life, and consequently there could be no remainder of that; but that it extended to the quantity of estate in the land, and so passed a fee to B. Without stopping to notice the discrepancy between the decision in this case, and those before adverted to, it is quite sufficient to exclude it from all influence upon the case now under consideration, to observe, that no devise of the testator's real estate, to which the words "rest," "remainder," and "reversion," can relate, is to be found in this will. They are obviously introduced without meaning, and are therefore to be considered as constituting an independent substantive devise of all the testator's lands and tenements. This is the more apparent from the very next clause in the will; in which the testator, as if he had at that moment perceived the absurdity of the relative terms just used, gives to his wife all his lands and tenements without reference to any previous disposition of any part of them. Bailis v. Gale, 2 Ves. Sr. 48, is open to precisely the same observation; besides which, it is very plain that the devise of the reversion, being to a child after a previous life estate, had no little influence upon the decision.

We come in the last place, to the examination of the terms "freely to be possessed and enjoyed," which were mainly relied upon by the defendant's counsel. These expressions are in no respect technical; nor do they import, in themselves, any thing more than that the devisee should possess and enjoy the estate free from all incumbrances and legal restraints which could, in any manner, limit or impair her use of the property during the continuance of the estate given her in it. The testator had previously bequeathed considerable pecuniary legacies to his sis-

ters, and in case of a deficiency of personal assets, he may possibly have doubted whether, without some provision of this sort, those legacies might not be considered as a charge upon his real estate. There is no doubt but that these expressions made her dispunishable of waste; nor is it at all improbable, that the testator intended, by these expressions. to free the property given to his wife from the condition imposed by the next preceding clause, which limited her interest in the estate to her having of issue, not only by himself, but by any future husband. Nor is the charge of fickleness, which this construction would imply. any argument against it; for we have already remarked upon those two clauses of the will, in close connection with each other, both relating to precisely the same subject; in one of which relative words without meaning are used, and in the other they are omitted. So likewise in the latter clause, the wife is constituted sole executrix of the will, and immediately after he appoints another executor, for whom he clearly intended to provide a compensation for his trouble, and yet stops short of saying what that compensation should be. But let the real intention of the testator have been what it might, it is very obvious that the expressions under consideration were merely personal to the devisee, and attach to the estate devised to her, be that what it might. They imply a benefit which might be annexed with equal propriety to a life estate, as to an estate of inheritance. In short, they import no apparent intention, as to the quantity of estate, in one way or the other; and are too ambiguous to justify a departure from the strict rule of law. This would be my opinion, were they the first instance in which those expressions had received an interpretation. But I consider the case of Goodright v. Barron, 11 East. 220. so far as it may be regarded as authority, as strongly applicable. In that case there is an introductory clause, "as touching such worldly estate wherewith it has pleased God to bless me, I dispose of the same in the following manner and form." The testator then gives a cottage and all belonging to it to his brother T. D. and his heirs; also, "I give to my wife Elizabeth, whom I make my sole executrix, all and singular my lands, messuages and tenements, by her freely to be possessed and enjoyed." The court decided, that these latter words meant no more than to make the wife dispunishable of waste, which, as tenant for life, she would have been liable for; and that the word "estate," in the introductory clause, could not be brought down and joined to the above expressions so as to show an intention to pass a fee. In Loveacres v. Blight, Cowp. 352, where the same expressions were used, there was a charge on the lands, which might have continued beyond the life of the devisees: besides which, there was a blank left, which the court thought itself authorized to fill up with the word

"heirs," the devisees being immediately afterwards named the sole executors of the will. But what principally weighed with the court was, that the words "freely to be possessed and enjoyed" could not mean free of incumbrances, inasmuch as the testator had just before charged the estate with an annuity to his wife. and consequently they must have been meant to give a fee, if they had any meaning at all. In the will now under consideration, there is no introductory clause, no blank in the devise to the wife to fill up, and no charge whatever on the land. Upon the whole I am of opinion that Mary, the widow, took only an estate for life, and that judgment must be entered for the plaintiff.

The decision in this case was affirmed upon writ of error. 10 Wheat. [23 U. S.] 209.